IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYOWA HAKKO BIO, CO., LTD, BIOKYOWA, INC. KYOWA HAKKO BIO U.S. HOLDINGS, INC., and KYOWA HAKKO U.S.A., INC.<br><br>        Plaintiffs,<br><br> v.<br><br>AJINOMOTO CO., INC., AJINOMOTO ANIMAL NUTRITION GROUP, INC., AJINOMOTO NORTH AMERICA, INC., AJINOMOTO HEARTLAND, INC., and AJINOMOTO WINDSOR, INC.,<br><br>        Defendants. | C.A. No 17-313-MSG<br><br>JURY TRIAL DEMANDED |

**REPORT OF RULE 26(f) MEETING**

  Plaintiffs Kyowa Hakko Co., Ltd., Biokyowa, Inc., Kyowa Hakko Bio U.S. Holdings, Inc., and Kyowa Hakko U.S.A., Inc. ("Plaintiffs" or "KHB") and Defendants Ajinomoto Co., Inc., Ajinomoto North America, Inc., and Ajinomoto Windsor, Inc. ("Defendants" or "AJ"), by and through their respective counsel, respectfully submit this report of their discussions pursuant to Rule 26(f).

**A. Introduction**

  *Plaintiffs' Statement*: Plaintiffs and Defendants are major manufacturers of amino acids. Both manufacture the amino acid glutamic acid, and AJ is also a major manufacturer of the food seasoning monosodium glutamate (MSG), which is a salt of glutamic acid. As detailed in the Amended Complaint, KHB is the owner of U.S. Patent No. Re 45,723 (the '723 patent), which

claims a particular type of direct crystal precipitation process for making amino acids.  At least as early as 2014, KHB offered a license of AJ under the '723 patent.  In the course of lengthy without prejudice negotiations, AJ indicated at times that it might like a license under the '723 patent, but has argued it does not infringe in its current process for making glutamic acid and ultimately MSG, because it uses seed crystals larger that the size claimed in the '723 patent.  Although AJ disclosed some documents concerning its process during negotiations under an NDA, KHB is not satisfied that AJ does not infringe either literally or under the doctrine of equivalents.  During 11 months of discussions between counsel for the parties, up until the filing of AJ's original Answer and Counterclaims on February 26, 2018, AJ has been singularly focused on its seed crystal size non-infringement argument, without raising any invalidity arguments.

*Defendants' Statement*: Defendants (collectively, "Ajinomoto") have always maintained that the '723 reissue patent and the original patent are invalid.  Defendants note that the '723 patent did not issue until 2015, after Plaintiffs surrendered the original patent in view of Ajinomoto's own patent for adding seed crystals to a fermentation process for producing amino acids.  In addition to being invalid in view of that same prior art patent, the '723 patent is also invalid for lacking an enabling disclosure.  At a minimum, the specification of the '723 patent fails to provide an enabling disclosure for all of the experiments described in the specification and fails to enable the production of glutamic acid using the claimed method.  Among other things, Ajinomoto suspects that KHB did not disclose in its patent specification the strains of microbes that yielded the results described in the specification.

Moreover, Plaintiffs have provided KHB with confidential flowcharts detailing the accused process and have informed KHB that the average particle size of the seed crystals added

during the accused process is outside of the claimed range. Ajinomoto even invited KHB to take its own measurements of Ajinomoto's seed crystals, but KHB declined this offer.

B. **Proposed Schedule and Discovery Plan**

The parties each propose a discovery plan and case schedule. Because the parties disagree over the timing of phased discovery and claim construction, Plaintiffs' and Defendants' proposals are set forth below:

*Plaintiffs' Statement*: Plaintiffs proposed a phased discovery plan, with an initial phase focused on infringement discovery, including on the size of the seeds crystal used in Defendants' current process for making glutamic acid because this seems to be the only contested issue regarding infringement. Focusing on the dispositive issue of infringement first, will prevent wasted effort and resources (of the parties and the Court) on other issues in the case while this initial and threshold question is vetted, and potentially resolved. Defendants' proposal to proceed with claim construction and defense-related discovery concurrently with infringement discovery is not targeted to narrow the issues.

*Defendants' Statement*: Ajinomoto proposes that both sides simultaneously take discovery related to their claims and counterclaims. KHB's proposed discovery limited to infringement offends the basic principles of justice and comity and prejudices Ajinomoto's ability to develop its counterclaims prior to the first settlement conference. Additionally, since the construction of a single claim term and the issue of whether KHB is precluded from asserting the doctrine of equivalents as a matter of law is central to the dispute and the scope of discovery, Ajinomoto proposes an early claim construction and summary judgment proceeding. Such proceeding would be limited to the construction of a single term and summary judgment on the

issue of whether KHB is estopped from applying the doctrine of equivalents to the claimed method step that incorporates that term.

### 1. Overview

Plaintiffs' and Defendants' respective proposed schedules are presented as Exhibit A and Exhibit B, respectively, at the end of this document.

### 2. Fact Discovery

#### a. Completion of Fact Discovery

**Plaintiffs' Proposal**: In accordance with Exhibit A, fact discovery will be completed no later than August 16, 2019.

**Defendants' Proposal**: In accordance with Exhibit B, fact discovery will be completed no later than May 11, 2019.

#### b. Management

The parties agrees agree that all discovery disputes, and the overall management of discovery are referred to a Magistrate Judge, should the Court so desire, pursuant to 28 U.S.C. § 636.

#### c. Protective Order

The parties have already in good faith agreed to a Protective Order, which was executed by United States Magistrate Judge Sherry R. Fallon on July 6, 2017 (*See* D.I. 12).

#### d. Initial Disclosures

##### (1) Rule 26(a) Disclosures

The parties shall disclose the information listed in Fed. R. Civ. P. 26(a)(1) on or before June 15, 2018, on all issues in the case.

(2) Delaware Default Standard, Paragraph 3 Disclosures

The parties shall disclose the information set forth in Paragraph 3 of the Delaware Default Standard on or before June 15, 2018, concerning all issues in the case. Paragraph 3 of the Delaware Default Standard requires that each party disclose, among other things, (a) custodians and (b) non-custodian data sources.

*Plaintiffs' Proposal*: The parties agree to exchange 10 custodians and include discovery of email.

*Defendants' Proposal*: The parties agree to exchange 5 custodians. There will be no discovery of email.

e. Infringement contentions and related discovery

(1) Production of Core Technical Documents

*Plaintiffs' Proposal*: Defendants shall produce to Plaintiffs the core technical documents related to the accused products and process(es), including, but not limited to, non-publicly available operation manuals, product literature, schematics, and specifications, as described in Paragraph 4(b) of the Delaware Default Standard, on or before July 13, 2018.

*Defendants Proposal*: Defendants shall produce to Plaintiffs the core technical documents related to the accused products and process(es), including, but not limited to, non-publicly available operation manuals, product literature, schematics, and specifications, as described in Paragraph 4(b) of the Delaware Default Standard, on or before August 13, 2018.

(2) Production of Plaintiffs' Documents Relating to
Conception, Reduction to Practice, and Enablement

*Plaintiffs' Proposal*: Section not needed. This production does not need to be specifically recited in the scheduling order. It will be addressed by document requests served during the second fact-discovery phase.

*Defendants' Proposal*: On or before August 13, 2018, Plaintiffs shall produce to Defendants all documents related to the experiments that led to, or practiced, the method claimed in the asserted patent.

(3) Contentions that Plaintiffs Are Entitled to Assert
Infringement Under the Doctrine of Equivalents

*Plaintiffs' Proposal*: Section not needed. These contentions do not need to be specifically recited in the scheduling order. They will be addressed by interrogatories served during the second fact-discovery phase.

*Defendants' Proposal*: On or before August 13, 2018, Plaintiffs shall produce their contentions regarding why Plaintiffs are not precluded from invoking the doctrine of equivalents to the step of "adding" in claims 1 and 2 of the asserted patent (referenced as step [b] in the first amended complaint).

(4) Infringement Contentions

On or before September 13, 2018, Plaintiffs shall produce their initial infringement contentions, including a claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

6

(5) <u>30(b)(6) Deposition of Defendant on Technical Topics</u>

***Plaintiffs' Proposal***: This section is unnecessary because depositions will be taken as part of the ordinary course of fact discovery subject to the hourly limitations set forth in Section 2(i)(1) below.

***Defendants' Proposal***: The parties will work together so that one 30(b)(6) deposition of the Defendants on technical topics relating to the accused process will take place by October 26, 2018.

    f. *Invalidity Contentions*

***Plaintiffs' Proposal***: On or before April 15, 2019, Defendants shall produce its invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

***Defendants' Proposal***: On or before October 12, 2018, Defendants shall produce its invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

    g. *Phasing of damages discovery*

***Plaintiffs' Proposal***: The parties will substantially complete document production on all issues except damages by May 17, 2019. Damages discovery will begin May 17, 2019. The cutoff for all fact discovery is August 16, 2019.

***Defendants' Proposal***: The parties will substantially complete document production on all issues except damages by February 9, 2019. Damages discovery will begin February 12, 2019. The cutoff for all fact discovery is May 11, 2019.

### h. Document Production

Document production will proceed in phases in accordance with the schedule outlined above. Each side gets 75 requests for the production of documents, for the entire case, to be served in phases at that side sees fit. Plaintiffs may propound a maximum of 75 individual or common requests for production to the Defendants. Defendants may propound a maximum of 75 individual or common requests for production to the Plaintiffs.

### i. Depositions

#### (1) Time Limit

Plaintiffs' proposal. Each side is limited to no more than 90 hours of taking testimony by deposition upon oral examination, except that for any witness who testifies in a foreign language, the time allowed for the deposition will be the time allowed plus one half to account for any time the witness spends consulting with an interpreter, the interpreter's responses, and any discussion with counsel. For the avoidance of doubt, this 80 hour limit includes depositions of third parties and 30(b)(6) witnesses, but does not include expert witnesses.

Defendants' Proposal. Each side is limited to no more than 70 hours of taking testimony by deposition upon oral examination, except that for any witness who testifies in a foreign language, the time allowed for the deposition will be the time allowed plus one half to account for any time the witness spends consulting with an interpreter, the interpreter's responses, and any discussion with counsel. For the avoidance of doubt, this 70-hour limit includes depositions of third parties and 30(b)(6) witnesses, but does not include expert witnesses.

#### (2) Location of Depositions

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at

8

a place designated within this district.  All depositions of Japanese citizens or representatives of a Japanese defendant, however, will take place at a location designated within the United States.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  Subject to the limitations stated above, a defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

### 3. Written Discovery

#### a. *Interrogatories*

Each side gets 25 interrogatories.  Plaintiffs may serve a maximum of 25 individual or common interrogatories on the Defendants.  Defendants may jointly serve a maximum of 25 individual or common interrogatories on the Plaintiffs.

#### b. *Requests for Admission*

Each side gets 50 requests to admit.  Plaintiffs may serve a maximum of 50 individual or common requests for admission on the Defendants.  Defendants may serve a maximum of 50 individual or common requests for admission to Plaintiffs.  These allowances exclude requests for authentication, or foundational items relating to records of regularly conducted activities.  The parties shall engage in a mutual, good-faith negotiation regarding a stipulation as to the authenticity and foundation of documents they produce.

### 4. Joinder of Other Parties and Amendment of Pleadings

KHB has previously amended its complaint on August 7, 2017 and Defendants have amended their counter claims on April 9, 2018.  No further amendment of pleadings is permitted without leave of Court under Fed. R. Civ. P. 15(a)(2).

     5.    **Settlement Conference**

Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

*Plaintiffs' Proposal*: The parties request that settlement conferences be scheduled after completion of each phase of fact discovery.

*Defendants' Proposal*: The parties request that settlement conferences be scheduled after completion of fact discovery.

     6.    **Claim Construction**

        a.    *Plaintiffs' proposal*: The parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction on or before July 19, 2019.

        *Defendants' proposal*: One term needs to be construed: "adding crystals of the amino acid having an average particle size of 7 to 50 μm to the medium" in claims 1 and 2 of the asserted patent.

        b.    *Plaintiffs' proposal*: The parties shall exchange their proposed construction of the term(s)/phrase(s) identified by either party, and citations to intrinsic and extrinsic evidence supporting each construction on or before August 2, 2019. The parties shall identify and produce intrinsic and extrinsic evidence in opposition to proposed constructions of dispute terms (excluding expert declarations) on August 2, 2019.

        *Defendants' proposal*: The parties shall exchange their proposed construction of the identified term and citations to intrinsic evidence supporting each construction on or before June 8, 2018.

        c.    *Plaintiffs' proposal*:  After making these exchanges, the parties shall meet and confer to prepare a Joint Claim Construction Chart and to narrow terms for

construction and claim construction issues in dispute, on or before August 9, 2019.  The Joint Claim Construction Chart shall identify the term(s)/phrase(s) of the claim(s) at issue, and include each party's proposed construction of the disputed claim language with citation(s) to the extrinsic and intrinsic evidence in support of their respective proposed constructions.  The Joint Claim Construction Chart shall be submitted to the Court on or before August 16, 2019.

*Defendants' proposal*: Not necessary because only one term needs to be identified and construed.

d.  *Plaintiffs' proposal*: The parties shall contemporaneously submit initial briefs on claim construction issues on or before September 20, 2019.

*Defendants' proposal*: The parties shall contemporaneously submit initial briefs on claim construction issues on or before June 29, 2018.

e.  *Plaintiffs' proposal*: The parties' answering/responsive briefs shall be contemporaneously submitted on October 11, 2019.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

*Defendants' proposal*: The parties' answering/responsive briefs shall be contemporaneously submitted on July 19, 2018.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

f.  *Plaintiffs' proposal*: The parties respectfully request that the Court conduct a hearing on claim construction in or around November __, 2019.

*Defendants' proposal*: The parties submit that a claim construction hearing is unnecessary, unless the Court requests otherwise.

### 7. Expert Discovery

#### a. *Completion of Expert Discovery*

***Plaintiffs' proposal***: All expert discovery shall be commenced in time to be completed no later than 120 days after the Court's *Markman* ruling.

***Defendants' proposal***: All expert discovery shall be commenced in time to be completed no later than October 1, 2019.

#### b. *Expert Reports*

***Plaintiffs' proposal***: Opening expert reports on issues where a party has the burden of proof shall be served 30 days after the Court's *Markman* ruling. Responsive expert reports shall be served 60 days after the Court's *Markman* ruling. Reply expert reports shall be served 90 days after the Court's *Markman* ruling.

***Defendants' proposal***: Opening expert reports on issues where a party has the burden of proof shall be served by June 7, 2019. Responsive expert reports shall be served by August 9, 2019. Reply expert reports shall be served by September 13, 2019.

### 8. Fact Witnesses to Be Called at Trial

Prior to the pretrial conference, as part of the pretrial exchanges contemplated by Local Rule 16.3, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial.

### 9. Motion Practice

All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a U.S. Magistrate Judge) shall be resolved by the Magistrate Judge, pursuant to 28 U.S.C.

§ 636. Other motions, including motions to stay, shall be referred, if at all, on an individualized basis. Motions for summary judgment shall be resolved by the Court.

### a. *Case Dispositive Motions*

Case dispositive motions can be filed without prior authorization of the Court in conformance with Section 10 of Judge Goldberg's Policies And Procedures dated September 2017 and the schedule set forth above.

***Plaintiffs' Proposal***: Summary judgment motions shall be filed no later than 150 days after the Court's *Markman* ruling.

***Defendants' Proposal***: A summary judgment motion on whether Plaintiffs are estopped from alleging infringement under the doctrine of equivalents shall be filed no later than 21 days after the Court's *Markman* ruling. Other summary judgment motions shall be filed no later than 30 days after the close of expert discovery.

### b. *Applications by Motion*

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

### 10. **Discovery Matters and Disputes Relating to Protective Orders**

a. Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[1] the parties involved shall contact chambers for the Magistrate Judge to schedule a telephone conference.

---

[1] Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

    b.  After the parties have contacted chambers and have scheduled a teleconference, the moving party or parties should file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute."

    c.  Not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues.

    d.  Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition.

    e.  Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

    f.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

    g.  Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

    h.  No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

14

### C. **Pretrial and Trial**

On or around \_\_\_\_, the parties respectfully request that the Court hold a Pretrial Conference in Court with counsel beginning at \_\_\_. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order three (3) days before the Final Pretrial Conference. Unless otherwise ordered by the Court, the parties shall comply with the time frames set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

#### 1. **Motions *in limine***

All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

2. **Trial**

*Plaintiffs' proposal*: The parties respectfully request that this matter be scheduled for a 5 day jury trial beginning at ___ a.m. on _____ with the subsequent trial days beginning at ___ a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

*Defendants' proposal*: The parties respectfully request that this matter be scheduled for a 7 day jury trial beginning at ___ a.m. on _____ with the subsequent trial days beginning at ___ a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

D. **Miscellaneous**

The parties' Joint Rule 26(f) report is based upon the parties' current understanding of the likely scope of discovery. Accordingly, both Plaintiffs and Defendants reserve the right to seek modification of any matter herein should the need arise.

| | |
|---|---|
| BARNES & THORNBURG LLP | FISH & RICHARDSON P.C. |
| By: */s/ Regina S.E. Murphy*<br>    Chad S.C. Stover (No. 4919)<br>    Regina S.E. Murphy (No. 5648)<br>    1000 N. West Street, Suite 1500<br>    Wilmington, DE 19801<br>    Telephone:  (302) 300-3474<br>    Facsimile:  (302) 300-3456<br>    chad.stover@btlaw.com;<br>    Gigi.Murphy@btlaw.com<br><br>    Stephen G. Baxter<br>    Robert C. Mattson<br>    Tia D. Fenton<br>    Eric W. Schweibenz<br>    Lisa M. Mandrusiak<br>    Sasha S. Rao<br>    OBLON, MCCLELLAND, MAIER &<br>      NEUSTADT, L.L.P.<br>    1940 Duke Street<br>    Alexandria, VA 22314<br>    (703) 413-3000<br><br>*Attorneys for Ajinomoto Co., Inc., Ajinomoto Animal Nutrition Group, Inc., Ajinomoto North America, Inc., Ajinomoto Heartland, Inc., and Ajinomoto Windsor, Inc.* | By: */s/ Ronald P. Golden III*<br>    Douglas E. McCann (No. 3852)<br>    Ronald P. Golden III (No. 6254)<br>    222 Delaware Avenue, 17th Floor<br>    Wilmington, DE 19801<br>    Telephone: (302) 652-5070<br>    dmccann@fr.com; golden@fr.com<br><br>    John S. Goetz<br>    John B. Pegram<br>    Ron F. Vogel<br>    FISH & RICHARDSON P.C.<br>    601 Lexington Ave., 52nd Floor<br>    New York, NY 10222-4611<br>    Telephone: (212) 765-5070<br><br>*Attorneys for Plaintiffs Kyowa Hakko Bio Co., Ltd., BioKyowa, Inc., Kyowa Hakko Bio U.S. Holdings, Inc., and Kyowa Hakko USA, Inc.* |

Dated:  May 10, 2018

17

| EXHIBIT A — Plaintiffs' Proposed Schedule ||
|---|---|
| **Event** | **Time** |
| Initial disclosures | Due by June 15, 2018 |
| Infringement-related fact discovery | Begins after May 15, 2018 Rule 16 conference, and complete no later than December 14, 2018 |
| Defense-related fact discovery | Begins December 14, 2018, and complete no later than May 17, 2019 |
| Damages and remaining fact discovery | Begins May 17, 2019, and complete no later than August 16, 2019 |
| Exchange terms for construction | July 19, 2019 |
| Exchange proposed construction with supporting intrinsic evidence | August 2, 2019 |
| End of Fact Discovery | August 16, 2019 |
| Joint claim construction chart, with proposed constructions | August 16, 2019 |
| *Markman* opening briefs | September 20, 2019 |
| *Markman* answering briefs | October 11, 2019 |
| *Markman* hearing | November 2019 at the Court's convenience |
| Opening expert reports (party with burden of proof) | Due 30 days after Court's *Markman* ruling |
| Responsive expert reports | Due 60 days after the Court's *Markman* ruling |
| Rebuttal expert reports | Due 90 days after the Court's *Markman* ruling |
| Close of expert discovery | 120 days after the Court's *Markman* ruling |
| Summary Judgment Motions | No later than 150 days after the Court's *Markman* ruling |
| Final pre-trial conference | TBD |
| Trial | TBD |

| EXHIBIT B — Defendants' Proposed Schedule ||
|---|---|
| **Event** | **Time** |
| Initial disclosures | Due by June 15, 2018 |
| Exchange proposed construction of "adding crystals of the amino acid having an average particle size of 7 to 50 µm to the medium" with supporting intrinsic evidence | June 8, 2018 |
| *Markman* opening briefs on construction of "adding crystals of the amino acid having an average particle size of 7 to 50 µm to the medium" | June 29, 2018 |
| *Markman* answering briefs on construction of "adding crystals of the amino acid having an average particle size of 7 to 50 µm to the medium" | July 19, 2018 |
| *Markman* hearing | Not necessary, unless requested by the Court |
| Defendant produce core technical documents | August 13, 2018 |
| Plaintiffs produce documentation for experiments that led to, or practiced, the claimed method. | August 13, 2018 |
| Plaintiff contentions that it is not precluded from invoking the doctrine of equivalents | August 13, 2018 |
| Early summary judgment motion on whether plaintiff is estopped from alleging infringement under the doctrine of equivalents | No later than 21 days after the Court's *Markman* ruling |
| Plaintiff infringement contentions | Due by September 13, 2018 |
| Defendant invalidity contentions | Due by October 12, 2018 |
| Deposition of Defendants' technical 30(b)(6) witness | No later than October 26, 2018 |
| Parties substantially complete document production on all issues except damages. | February 9, 2019 |
| Damages discovery begins | February 12, 2019 |

| EXHIBIT B — Defendants' Proposed Schedule ||
|---|---|
| **Event** | **Time** |
| Fact discovery cutoff | May 11, 2019 |
| Opening expert reports (party with burden of proof) | Due by June 7, 2019 |
| Responsive expert reports | Due by August 9, 2019 |
| Rebuttal expert reports | Due by September 13, 2019 |
| Close of expert discovery | October 1, 2019 |
| Summary Judgment Motions | No later than 30 days after the close of expert discovery |
| Final pre-trial conference | TBD |
| Trial | TBD |