IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kyowa Hakko Bio, Co., Ltd, et al | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-cv-00313-MSG |
| Ajinomoto Co., Ltd. et al | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

The Defendants (collectively, "Ajinomoto") want to depose a corporate representative of the Plaintiffs (collectively, "Kyowa") under Fed. R. Civ. Pro. 30(b)(6), in advance of claim construction. *See* Letter of Chad S.C. Stover dated March 28, 2019 ("Stover letter"). The point of the deposition is to collect information on how Kyowa determined "average particle size of amino acid crystals added to a medium containing a microorganism for producing an amino acid," among other things. *See* Stover letter attachment, "Topics for Examination," ¶ 4. The subject is at the core of the claim construction dispute. Ajinomoto also wants to question a corporate designee about Kyowa's efforts to comply with document production requests. *Id.*, ¶¶ 1-3.

Kyowa objects for various reasons, prime among them that extrinsic evidence of the kind sought by Ajinomoto is of marginal probative value in a claim construction proceeding. *See* Letter of Ronald P. Golden, III dated March 28, 2019 ("Golden letter"). I held a hearing on the record via telephone conference on Friday, March 29, 2019.

Kyowa makes a legitimate point, but there is a difference between no probative value and a little probative value. The Federal Circuit holds that extrinsic evidence "may be useful in claim construction, but it should be considered in the context of the intrinsic evidence." *Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1302 (Fed.

Cir. 2005). It is true, as Kyowa points out, that expert reports will be available to provide extrinsic evidence. *See* Golden letter, at 1-2. That does not mean that deposition testimony by a corporate representative on the issue of how Kyowa itself measured average particle size of amino acid crystals will have no value. Experts and courts sometimes rely on industry practice as background in determining how a person skilled in the art would have understood claim language. *See Eidos Display, LLC v. AU Optronics Corp.*, 779 F.3d 1360, 1365 (Fed. Cir. 2015) ("the state of the art for manufacturing LCD panels always had been to form contact holes for source wiring connection terminals that are separate from contact holes for gate wiring connection terminals.").

It may be that intrinsic evidence will be sufficient to construe the claims. If that is so, I will not consider extrinsic evidence. *See Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1332 (Fed. Cir. 2001) ("If the meaning of the claim limitations is apparent from the totality of the intrinsic evidence, then the claim has been construed. If however a claim limitation is still not clear, we may look to extrinsic evidence to help resolve the lack of clarity."). There is no guarantee that the deposition testimony will be admissible or helpful, but that is often the case when discovery is permitted. *See* Fed. R. Civ. Pro. 26(b)(1) ("Information within the scope of discovery need not be admissible in evidence to be discoverable.")

The meaning of the phrase "average particle size," among others, will be the subject of claim construction. *See* Doc. No. 68-1 at 2 (Claim Construction Chart). It seems appropriate, in this case, to permit the deposition to go forward and allow the parties to use or criticize the utility of the testimony during briefing on claim construction. I have considered the stakes at issue in the litigation, Kyowa's superior

access to the information requested, the parties' resources, and the potential for the information elicited at the deposition to be helpful in construing the claim. *See* Fed. R. Civ. Pro. 26(b)(1). I find that one 30(b)(6) deposition of seven (7) hours in length is not a disproportionate burden for Kyowa to bear, if the topics for examination are narrowed. *Id.*

Topics 1-3 are stricken. Each of them concerns Kyowa's responses, so far, to document requests. This is tangential to claim construction. I do not preclude the possibility that the subject may be inquired into at some point in this case, but right now it promises to sidetrack the path to early claim construction.

I will permit topics 4 and 5,[1] both of which are relatively discrete and bear directly on information that may be helpful during claim construction. I will not permit topic 6, which concerns "Kyowa's pre-April 12, 2005, experiments in which crystals of an amino acid were added to a medium containing a microorganism having the ability to produce the amino acid." The subject promises to be a general inquisition into experiments rather than being focused on the specific language at stake in claim construction. I will permit topic 7, which concerns "[t]he measurements and experiments reported in the documents that Kyowa has produced in this matter." However, I will limit the scope of the topic to "measurements and experiments [concerning the average particle size of amino acid crystals added to a medium containing a microorganism for producing an amino acid] reported in the documents

---

[1] Topic 4 is "Kyowa's pre-April 12, 2005, measurements and calculations to determine the average particle size of amino acid crystals added to a medium containing a microorganism for producing an amino acid." Topic 5 is "[t]he nature, meaning, and use by Kyowa of the measurements and calculations output by LMS-24 particle distribution analyzers, pre-April 12, 2005."

that Kyowa has produced in this matter." *See* Fed. R. Civ. Pro. 26(c)(1)(D) (court may enter an order "limiting the scope of . . . discovery to certain matters[.]").

An Order is filed with this Memorandum Opinion.

**BY THE COURT:**

 *s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**